UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

JASON PAUL ARNOLD,

                Plaintiff,                Case No. 2:14-cv-58

v.                                          Honorable Gordon J. Quist

MAGISTRATE JUDGE TIMOTHY P.
GREELEY et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a federal inmate at the Newaygo County Jail pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[1] Plaintiff has paid the entire filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on immunity grounds and/or for failure to state a claim.

---

[1] Plaintiff's complaint also implies 42 U.S.C. § 1983 as a basis for relief, but that statute applies to persons acting under color of state law; it does not apply to federal officials. *See Dist. of Columbia v. Carter*, 409 U.S. 418, 423-25 (1973) ("[A]ctions of the Federal Government and its officers are at least facially exempt from [§ 1983's] proscriptions."); *Benson v. United States*, 969 F. Supp. 1129, 1135 (N.D. Ill. 1997). *See also Ayon v. Ne. Ohio Corr. Ctr.*, 478 F. App'x 999, 1000 (6th Cir. 2012) (district court properly construed a federal prisoner's § 1983 complaint under *Bivens*, 403 U.S. 388, when a federal actor allegedly violated the prisoner's federal constitutional rights).

**Factual Allegations**

Plaintiff presently is incarcerated at the Newaygo County Jail. In his *pro se* complaint, he sues United States Magistrate Judge Timothy P. Greeley, Attorney Richard E. Zambon and Federal Public Defender Paul A. Peterson.

Plaintiff's complaint is brief but appears to concern his criminal conviction in *United States v. Arnold*, Case No. 2:13-cr-00006 (W.D. Mich.). After a jury trial in the United States District Court for the Western District of Michigan, Plaintiff was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*See Arnold*, No. 2:13-cr-00006, Mar. 17, 2014 Jury Verdict, docket #68, Page ID#311.) Plaintiff has not yet been sentenced in his criminal case. Plaintiff argues that Defendant Zambon committed legal malpractice in his criminal case by "telling [] Plaintiff that Honorable Judge Robert H. Bell is Attorney Zambon[s'] friend and that [] Plaintiff cannot fire Attorney Zambon." (Compl., docket #1, Page ID#2) (quotations omitted). Plaintiff also states that he has repeatedly notified the United States District Court that Defendants Zambon and Peterson are guilty of legal malpractice to no avail. Plaintiff further alleges that Magistrate Judge Greeley and Attorneys Zambon and Peterson conspired against Plaintiff in violation of 18 U.S.C. § 241 by attempting to railroad Plaintiff in his criminal case, *Arnold*, Case No. 2:13-cr-00006, and by retaliating against him for filing a civil rights action in *Arnold v. Mich. Dep't of Human Serv. et al.*, Case No. 2:13-cv-353 (W.D. Mich.).

Plaintiff does not specify any relief in his complaint.

**Discussion**

I.    Immunity

Plaintiff claims that Magistrate Judge Greeley conspired against Plaintiff in his criminal case, *Arnold,* Case No. 2:13-cr-00006, and retaliated against Plaintiff for filing a civil rights

- 2 -

action in *Arnold*, Case No. 2:13-cv-353.  To the extent a plaintiff seeks monetary damages, a judge is absolutely immune from a suit for monetary damages.  *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  Absolute judicial immunity may be overcome in only two instances.  First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity.  *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it").  Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.  *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity.  Plaintiff does not elaborate how Magistrate Judge Greeley conspired against him by railroading him in his criminal case or by retaliating against him for filing a civil rights action.  In his criminal case, Magistrate Judge Greeley signed a warrant for Plaintiff's arrest, entered an order for a psychiatric/psychological evaluation, and presided over several pre-trial hearings and motions.  *See generally Arnold*, Case No. 2:13-cr-00006 (W.D. Mich.).  There is no doubt that those actions are judicial in nature and that Magistrate Judge Greeley was acting within his authority to do so.  Accordingly, Plaintiff may not maintain an action for monetary damages against Magistrate Judge Greeley.

Moreover, absolute immunity in *Bivens* actions against federal judges has also been extended to requests for injunctive and other forms of equitable relief.  *Kipen v. Lawson*, 57 F.

App'x 691, 691 (6th Cir. 2003) (citing *Bolin v. Story*, 225 F.3d 1234, 1240 (11th Cir. 2000) (finding that "the doctrine of absolute judicial immunity serves to protect *federal* judges from injunctive relief as well as money damages.")); *see also Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001) (finding that a plaintiff who sued a magistrate judge whose rulings allegedly favored the opposing parties in the plaintiff's prior lawsuits "had no claim for injunctive relief . . . because he did not demonstrate an inadequate remedy at law or a serious risk of irreparable harm," and also holding that "federal judges are immune from *Bivens* suits for equitable relief").

In summary, Magistrate Judge Greeley is immune from suit.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

In *Bivens*, 403 U.S. 388, the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). This implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To state a claim that is cognizable in a *Bivens* action, the plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law. *Bivens*, 403 U.S. at 397.

Plaintiff alleges that Attorneys Zambon and Peterson committed legal malpractice and conspired against him. In Plaintiff's criminal action, Federal Public Defender Peterson was initially appointed to be Plaintiff's attorney. On December 17, 2013, Defendant Zambon, a Criminal Justice Act panel attorney, was substituted as counsel for Peterson. (*See Arnold*, No. 2:13-cr-00006, Dec. 17, 2013 Order, docket #33, Page ID#105.) Plaintiff suggests that his court-appointed attorneys were acting under color of federal law, within the meaning of *Bivens*. *See Bivens*, 403 U.S. at 397. To the contrary, courts have held that a court-appointed attorney, whether in state court or federal court, is not acting under color of law. In *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the State, does not act under color of state law under 42 U.S.C. § 1983, the statutory counterpart to a *Bivens* claim, when performing the traditional functions of counsel to a criminal defendant in a state

proceeding. Similarly, "an attorney is not transformed into a federal official for purposes of a *Bivens* action merely because he is appointed by a federal court pursuant to federal law." *Pagani-Gallego v. Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998). *See also Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (A private attorney does not act under color of state law despite the fact he has been appointed by the court); *Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011) (appointed counsel, "even though paid by the government, did not act under color of federal law for purposes of *Bivens* where he was performing traditional functions of counsel"), *Richards v. Flynn*, 263 F. App'x 496 (7th Cir. 2008) (affirming *sua sponte* dismissal of *Bivens* action for legal malpractice brought against assistant federal defender because criminal defense attorney does not act under color of law); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (affirming dismissal of *Bivens* action against assistant federal public defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding").

In summary, Attorneys Peterson and Zambon are not proper Defendants under *Bivens* for actions they took during their representation of Plaintiff during his federal criminal proceedings because an appointed attorney does not act under color of federal law for purposes of *Bivens*.

To the extent Plaintiff raises claims of ineffective assistance of counsel in his criminal action against Defendants Zambon and Peterson, even if Zambon and Peterson were considered federal officials, Plaintiff cannot maintain a *Bivens* action where the resolution of the

claims may imply the invalidity of his federal conviction until he first obtains relief from his conviction on direct review or under 28 U.S.C. § 2255.

Plaintiff also asserts claims of legal malpractice against Defendants Peterson and Zambon. Those claims arise solely under state law. Plaintiff's state-law claims are not the proper subject of an action under § 1983 or the *Bivens* doctrine. Section 1983 (and, by extension, the *Bivens* doctrine) does not provide redress for violations of state law. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To review those claims, this Court must exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of North Olmsted*, 927 F.2d 909, 917 (6th Cir.1991); *see also* 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on immunity grounds and/or for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). The Court also declines to exercise supplemental jurisdiction over Plaintiff's state-law claims; thus, those claims will be dismissed without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  May 12, 2014                                         /s/ Gordon J. Quist
                                                           GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE